# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6608 | **DATE** | 8/20/2012 |
| **CASE TITLE** | Joshua Brown (2011-0730143) vs. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to proceed *in forma pauperis* [#3] is granted. The Court authorizes and orders Cook County Jail officials to deduct $10.00 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. However, summonses shall not issue at this time. The Court dismisses the complaint on file without prejudice for failure to exhaust administrative remedies. Plaintiff's motion for appointment of counsel [#4] is denied as moot. This case is closed.

■[For further details see text below.]

Docketing to mail notices.

# STATEMENT

    Plaintiff, Joshua Brown, a pretrial detainee at Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

    Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $10.00. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County Jail inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

    Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees.

    Plaintiff alleges that from June 16, 2012 through July 27, 2012, the date he submitted his complaint, raw sewage was coming out of the shower in his cell house at the Cook County Jail and flooding the day room. He further alleges that he has not been able to shower for a month and that no cleaning products have been provided to him or the other detainees. Plaintiff also specifically pleads that he filed grievances regarding the conditions of confinement, and he attaches the grievances, which indicated that he has not yet received a response. While Plaintiff has pled a claim of unconstitutional conditions of confinement, it is also clear on the face of his complaint that he did not fully exhausted his administrative remedies prior to filing suit.

    Exhaustion of administrative remedies, pursuant to the Prison Litigation Reform Act, is required for all prisoner suits seeking redress for prison circumstances or occurrences, regardless of whether they involve general circumstances of incarceration or particular episodes. *See Porter v. Nussle*, 534 U.S. 516 (2002). Under 42 U.S.C. § 1997e(a), the court is directed to dismiss a suit brought with respect to prison conditions if the court determines that plaintiff has failed to exhaust his administrative remedies. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532 (7th Cir. 1999).

    A prisoner/detainee must take all of the steps required by the prison's grievance system in order to exhaust his administrative remedies properly. *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir. 2002). Moreover, exhaustion is a precondition to filing suit, so that a prisoner's attempt to exhaust

| STATEMENT |
|---|

available administrative remedies in the midst of litigation is insufficient. *See Ford*, 362 F.3d at 398; *Perez*, 182 F.3d at 536-37 (emphasis added). While failure to exhaust is normally an affirmative defense, if the plaintiff's failure to exhaust appears on the face of the complaint, the complaint should be dismissed without prejudice. *Massey v. Wheeler*, 221 F.3d 1030, 1033 (7th Cir. 2000).

    Plaintiff specifically pleads that he has not yet received a response to his grievance. Additionally, the grievances attached to Plaintiff's complaint contain no response in the section where one is to be provided. Further, Plaintiff signed his complaint on July 25, 2012, complaining about an ongoing condition that began on June 16, 2012. Plaintiff must give staff a reasonable time to respond to a grievance before filing suit. *See Mlaska v. Shah*, 428 Fed. Appx. 642, 2011 WL 2600602 (7th Cir. June 29, 2011).

    Plaintiff's failure to exhaust his administrative remedies appears on the face of his complaint. Accordingly, the matter is dismissed without prejudice for failure to exhaust administrative remedies. Plaintiff must file a new suit that postdates the full administrative exhaustion procedure if he plans on refiling the present action. *See Ford*, 362 F.3d at 401.

    Plaintiff's motion for appointment of counsel is denied as moot.